IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRYCE PURCELLA,

    Plaintiff,

v.                                C.A. No.:      5:22-cv-222

J&L HARMS, LLC,
JENNIFER B. HARMS, and,
LUKE HARMS,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRYCE PURCELLA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, J&L HARMS, LLC, JENNIFER B. HARMS and LUKE HARMS (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, J&L HARMS, LLC, has offices or conducts business in Kendall County, Texas.

## THE PARTIES

4. Plaintiff, BRYCE PURCELLA, is an individual residing in Bandera County, Texas.

5. Plaintiff, BRYCE PURCELLA, was employed by Defendant, J&L HARMS, LLC from August 11, 2021, through January 10, 2022, as an equipment operator whose duties included operating a bobcat and other equipment to job sites, and was paid $300.00 per day.

6. Defendant, J&L HARMS, LLC, is a limited liability company established under the laws of the State of Texas.

7. Defendant, J&L HARMS, LLC's primary business is land clearing and home site preparation.

8. Defendant, J&L HARMS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, J&L HARMS, LLC,

employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, J&L HARMS, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Defendant, JENNIFER B. HARMS, is an individual residing in Travis County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, J&L HARMS, LLC, in relationship to Plaintiff.

12. Defendant, LUKE HARMS, is an individual residing in Travis County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, J&L HARMS, LLC, in relationship to Plaintiff.

13. Defendant, JENNIFER B. HARMS, is an owner of Defendant, J&L HARMS, LLC.

14. Defendant, LUKE HARMS, is an owner of Defendant, J&L HARMS, LLC.

15. Defendants, J&L HARMS, LLC, JENNIFER B. HARMS, and LUKE HARMS, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

16. At all times material hereto, Defendant, JENNIFER B. HARMS, as an

agent of J&L HARMS, LLC (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision-making power to pay overtime owed to Plaintiff and other employees.  Defendant, JENNIFER B. HARMS, is an "employer" as defined by 29 U.S.C. § 203(d).

17. At all times material hereto, Defendant, LUKE HARMS, as an agent of J&L HARMS, LLC (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision-making power to pay overtime owed to Plaintiff and other employees. Defendant, LUKE HARMS, is an "employer" as defined by 29 U.S.C. § 203(d).

18. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

19. At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce.  Specifically, Plaintiff handled and utilized, *inter alia*, vehicles and heavy equipment, which were produced outside the state of Texas,

*e.g.*, John Deere small tractors, which are manufactured in Augusta (Grovetown), Georgia.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

20. Plaintiff 1) occupied a position as an equipment operator; 2) did not hold a position considered as exempt from the overtime provisions of the FLSA; and, 3) was paid on a day-rate basis.

21. Defendants required Plaintiff to work in excess of 40 hours in a workweek.

22. Plaintiff worked overtime in numerous workweeks while employed by the Defendants, but was not paid the additional half-time premium required by the FLSA.

23. Plaintiff's regular schedule was from 7:00 a.m. to 6:00 p.m., Sunday through Saturday.

24. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

25. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

26. Defendants' policy of not properly paying overtime is company-wide and was willful.

27. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

30. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

31. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, BRYCE PURCELLA, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, BRYCE PURCELLA, demands a jury trial on all issues so triable.

Respectfully submitted this March 7, 2022.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621


**ATTORNEYS FOR PLAINTIFF**